# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re ) | |
| ) | |
| NASHVILLE SENIOR LIVING, LLC ) | Case No.: 08-07254 |
| ) | (Jointly Administered) |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Judge Paine |
| ) | |

## OBJECTION TO CAROLINA DEBTORS' EXPEDITED MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 362, AND 363 OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING THE ENTRY BY CAROLINA DEBTORS INTO ASSET PURCHASE AGREEMENT AND AUTHORIZING SALE

Creditor Doyle's Carolina 7, LLC ("Doyle's"), by their undersigned counsel, hereby object to the Carolina Debtors' Expedited Motion for an Order Pursuant to Sections 105, 362 and 363 of the Bankruptcy Code for an Order Approving the Entry by Carolina Debtors into Asset Purchase Agreement and Authorizing Sale. In support of their objection, Doyle's state as follows:

1. The hearing on this matter is scheduled for Tuesday, October 21, 2008, at 9:00 a.m. The deadline for filing an objection to Caroline Debtors' Expedited Motion is 12:00 noon Central Time. Doyle's Carolina 7, LLC is a tenant in common investor that has a 5.17% interest in the real property comprising each of the seven senior living centers that the Carolina Debtors have an interest. In addition, Doyle's is a creditor of each of the Carolina Debtors' bankruptcy estates by virtue of contractual rights and claims that Doyle's have by virtue of the Carolina Debtors' breaches of the Tenant In Common Agreement and other contracts between the parties. In addition, Doyle's is a creditor of each of the Carolina Debtors' bankruptcy estates by virtue of

tort claims that Doyle's have against each of the Carolina Debtors for numerous breaches of fiduciary duty. Doyle's claim is approximately $3.2 million, which includes $1.4 million in cash.

2. The Carolina Debtors filed their expedited motion after the close of the Court on October 10, 2008, and the beginning of a three-day weekend, revealing for the first time the details of a proposed sale that the Debtors seek to rush through this Court without the opportunity for the other TIC investors and creditors to investigate. Doyle's are concerned that this proposed sale is in no one's best interest other than possibly the proposed buyer and the numerous attorneys that the Debtor has retained in this action.

3. Doyle's and the other TIC investors have not been allowed access by the Carolina debtors to the negotiations that supposedly have been taking place for the past several months. In particular, Doyle's have not been provided any information by the Carolina Debtors as to what other buyers have been contacted, what specific sales efforts have been made, what appraisals have been obtained, and what options for sale have been considered. Doyle's, and on information and belief ALL of the TIC investors, have been systematically excluded from access to necessary information for months, only now to be faced with an 11th-hour "emergency" motion to sell the debtors' interest along with the TIC investors' interests at a price so low that will not even come close to satisfying the mortgage on the properties.

4. The proposed sales price of $44 million would result in far less than the amount outstanding on the existing mortgage, estimated at over $56 million. Accordingly, it is not clear how a sale at such a fire-sale price could be in the interest of the bankruptcy estate, nor further the reorganization of the Carolina debtors.

5.  Moreover, it is not clear whether other options have been considered for the sale of the properties or of the Debtors' interest in the properties. These options include:

   a.  Separately selling each of the seven senior living facilities;

   b.  Selling one or more of the more desirable or profitable facilities separately;

   c.  Selling the debtors' interest in the facilities to new investors which amounts could cure any default in the underlying mortgage;

   d.  Selling the contractual rights to lease, operate and manage the facility to one or more operating companies separate from the ownership of the real property.

6.  The current chaotic state of the financial markets insures that any rush to sell the property will result in the Carolina Debtors, together with the Doyle's and the TIC investors, losing all interest in the property with no benefit to the Estate nor any chance of an effective reorganization. The auction of these seven properties would take place only 20 days after the October 21, 2008 hearing, without affording prospective purchasers the option to conduct a reasonable investigation into an approximately $50 million transaction involving properties in seven locations in two states.

7.  The Carolina Debtors provide no justification and no benefit to the Estate that could result from this sudden rush to sell the property. Granting relief from stay to permit foreclosure of the individual properties by the secured creditor would result in at least as much benefit to the Estate as the proposed sale.

8.  Doyle's requests that the Court deny the motion for expedited sale and allow Doyle's and other TIC investors and creditors the opportunity to conduct reasonable discovery on the various options available for maximizing the recovery to the estate, with an anticipated sales

time frame of 90 days. At worst, the bankruptcy estate would be in the same position as it would be if the expedited sale proceeded, i.e., no net proceeds to the Estate. On the other hand, allowing various sales options to be explored would allow for the opportunity for substantial recovery of net proceeds to the bankruptcy estate.

WHEREFORE, Doyle's Carolina 7, LLC, respectfully requests that the Court deny the expedited motion.

Dated this 20th day of October, 2008.

>
> **BURG SIMPSON**
> **ELDREDGE HERSH & JARDINE, P.C.**
> *Original signed document is on file at*
> *Burg Simpson Eldredge Hersh & Jardine*
>
>  *s/Brian K. Matise*
> Brian K. Matise
> *Attorneys for Creditors*
> *Doyle's Carolina 7, LLC,*
> *Patty Doyle and Scott Doyle*
> 40 Inverness Drive East
> Englewood, CO 80112
> Telephone: 303-792-5595
> Facsimile: 303-708-0527
> Email: bmatise@burgsimpson.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2008, I served a copy of the foregoing **OBJECTION TO CAROLINA DEBTORS' EXPEDITED MOTION FOR AN ORDER PURSUANT TO SECTIONS 105, 362, AND 363 OF THE BANKRUPTCY CODE FOR AN ORDER APPROVING THE ENTRY BY CAROLINA DEBTORS INTO ASSET PURCHASE AGREEMENT AND AUTHORIZING SALE** via LexisNexis File and Serve and/or via United States Mail, First Class, postage prepaid, to the following:

Andrew J. Sloniewski, Esq.
Filiberto Agusti, Esq.
Philip L. Bednar, Esq.
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue NW
Washington, DC 20036

Eric B. Schultenover, Esq.
Robert A. Guy, Esq.
WALLER LANSDEN
DORTCH & DAVIS, PLLC
511 Union Street, Suite 2700
Nashville, TN 37219

Beth Roberts Derrick, Esq.
ASSISTANT US TRUSTEE
OFFICE OF THE U.S. TRUSTEE
701 Broadway, Suite 318
Nashville, TN 37203

Scott J. Goldberg, Esq.
OFFICE OF THE U.S. TRUSTEE
601 West Broadway, Suite 512
Louisville, KY 40202

Greg R. Yates, Esq.
STEPTOE & JOHNSON, LLP
750 Seventh Avenue, 19th Floor
New York, NY 10019

Ira D. Kharasch, Esq.
James I. Stang, Esq.
Jonathan J. Kim, Esq.
Samuel R. Maizel, Esq.
Scotta E. McFarland, Esq.
Victoria A. Newark, Esq.
PACHULSKI STANG
ZIEHL & JONES, LLP
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067-4100

Charles M. Walker, Esq.
OFFICE OF THE U.S. TRUSTEE
701 Broadway, Suite 318
Nashville, TN 37203

*Original signed document is on file at*
*Burg Simpson Eldredge Hersh & Jardine*

*sMaureen Gedeon*
Maureen Gedeon

I:\CLIENTS\4\47924.06\Carolina 7 Bankruptcy\Pleadings\Objection 10 20 08.wpd