
George C. Paine, II
US Bankruptcy Judge
Dated: 05/26/09



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re: )
NASHVILLE SENIOR LIVING, ) CASE NO. 08-07254
ET AL.,[1] ) CHAPTER 11
) (JOINTLY ADMINISTERED)
Debtors ) JUDGE GEORGE C. PAINE, II
)

_____

**MEMORANDUM**
_____

This matter is before the court on the Official Committee of Unsecured Creditors' (hereinafter "Committee") Federal Rule of Civil Procedure 59(e) Motion to Reconsider this court's Order denying the employment of Venable LLP's (hereinafter "Venable") as counsel to the Committee pursuant to 11 U.S.C. § 328, 330 and 1103 of the United States Bankruptcy Code.[2] The Committee asserts that the court's prior ruling was based upon facts that left "gaps in the record" which in turn created misunderstandings leading to the denial of Venable's employment. The motion is opposed by the debtors and GE Business Financial Services, Inc. ("GE"). For the reasons cited herein, the

---

[1] The Debtors in these cases are Nashville Senior Living, LLC, Anderson Senior Living Property, LLC, Charlotte Oakdale Property, LLC, Greensboro Oakdale Property, LLC, Mt. Pleasant Oakdale I Property, LLC, Mt. Pleasant Oakdale II Property, LLC, Pinehurst Oakdale Property, LLC, Winston-Salem Oakdale Property, LLC, Briarwood Retirement and Assisted Living Community, LLC, and Century Fields Retirement and Assisted Living Community, LLC.

[2] The motion is filed by Burr & Forman LLP, current counsel for the Official Committee of Unsecured Creditors.

court DENIES Venable's motion.

According to the Committee's motion:

> it is now apparent that the stipulation and affidavit left gaps in the record which have led to erroneous conclusions and rulings. The Committee requests that a new hearing be held at which the Court can hear evidence clarifying the gaps and resulting misunderstandings that led to the denial of the Committee's Application to Employ. A thoughtful review is warranted to ensure that the Committee's choice of counsel is honored to the extent possible and that the estate's interests are not prejudiced by the dislocation of counsel which is well-versed in this case's many complex issues.

Motion to Reconsider, p. 2. More specifically, the Committee claims that the Stipulation of Facts entered into at the prior retention hearing were incomplete, and left the court with the false impression that Venable had failed to make proper disclosure and was not "disinterested." An evidentiary hearing, along with Gregory Cross' amended affidavits would show, according to Venable, that the court's Memorandum Opinion was based on incomplete or misunderstood facts.

Federal Rule of Civil Procedure 59(e) which provides that a party may move to alter or amend a judgment within 10 days after the judgment is entered is made applicable in bankruptcy by FED. R. BANKR. P. 9023. "A motion under Rule 59(e) is not an opportunity to re-argue a case." **Sault Ste. Marie Tribe of Chippewa Indians v. Engler**, 146 F.3d 367, 374 (6th Cir.1998). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." **GenCorp, Inc. v. Am. Int'l Underwriters**, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).

"The rule was not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal … the moving party bears the burden of showing that alteration or amendment of the original judgment is appropriate." **In re Target Graphics Inc.**, 372 B.R. 866 (E.D. Tenn. 2007) (**quoting In re Barclay**, 2006 WL 238139, *6 (6th Cir. BAP, Feb. 1, 2006)). Granting a Rule 59(e) motion is an extraordinary remedy and should be used sparingly. This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.' " **In re J & M Salupo Development Co.** 388 B.R. 795, 800-801 (6th Cir.BAP,2008).

In this case, the court finds no clear error in law or fact, no newly discovered evidence, and no manifest injustice that would serve as a basis for reconsideration pursuant to Rule 59(e). The Committee's Motion does nothing more than rebrand evidence in attempt to sell it as new. Despite couching the motion as necessary to fill "gaps" in the record, the motion re-emphasizes earlier arguments, expounds upon prior Stipulations, and reargues what has already been decided.

The court, however, overruled GE and the debtors' objections, and held a full evidentiary hearing to allow the Committee every opportunity to carry the heavy burden of Rule 59. After hearing the testimony of Venable attorney, Gregory Cross, the court is further convinced that the earlier ruling was correct. Essentially, Mr. Cross explained the chronology of events relating to his firm's interaction with an unofficial steering committee of TIC investors

("Carolina 7 Steering Committee") prior to the filing of the bankruptcy petitions up until the court's Opinion denying Venable's employment. According to Mr. Cross, Venable's role as attorneys for the Carolina 7 Steering Committee was representation unconnected to these chapter 11 cases.

Mr. Cross' testimony indicated the following timeline:

| | |
|---|---|
| 8.17.08 | Voluntary Petitions filed by Debtors |
| 9.5.08 (approx.) | Mr. Cross has a discussion with Michael Burke, a TIC investor, about possible options for the TICs. |
| 9.15.08 | TICs provide Venable with a $15,000 retainer for the purpose of getting an official committee of TIC investors appointed in the Chapter 11 cases. |
| 9.18.08 | Venable firm receives "Final Intake Approval" allowing the firm to proceed with this client after conflicts check. According to firm policy an "Engagement Letter" is required within three weeks of final approval. |
| 9.26.08 | Meeting of Creditors held and Mr. Cross attended as counsel for the Carolina 7 Steering Committee. |
| 10.1.08 | Mr. Cross cuts off billing on Carolina 7 Steering Committee file and renames file for Official Committee of Tenants in Common with new billing subject to court's approval. |
| 10.2.08 | Official Committee of Tenants in Common Investors is appointed by the United States Trustee. |
| 10.6.08 (approx.) | First meeting of Official Committee and Venable expects it will be hired as Committee counsel. |
| 10.17.08 | Application and Notice to Employ Venable as attorneys to the Official Committee of Tenants in Common filed. |
| 10.17.08 | Engagement Letter between Venable and "Carolina 7 Steering Committee" executed. |

| | | |
|---|---|---|
| 11.11.08 | | Mr. Cross files a Supplemental Affidavit disclosing Venable's unrelated representation of potential purchaser in impending sale. |
| 12.05.08 | | Mr. Cross files a Supplemental Affidavit disclosing Venable's representation of the Carolina 7 Steering Committee perhaps because of a reminder by counsel for the debtor. |
| 12.18.08 | | Official Committee of Tenants In Common Investors becomes Official Committee of Unsecured Creditors. |
| 1.13.09 | | Venable and Debtors' counsel enter into Stipulations of Fact for hearing held on 1.14.09 on the issue of Venable's employment application as counsel for the Official Committee of Unsecured Creditors that are admitted to the court and serve as factual findings in the court's opinion denying Venable's employment. |
| 1.22.09 | | Court issues Memorandum Opinion denying Venable employment. |

Mr. Cross' position is that the prior representation of the Carolina 7 Steering Committee was never a secret to the debtors or the United States Trustee, and did not need to be disclosed as representation "in connection with the Debtors' chapter 11 cases." In hindsight, Mr. Cross testified that he would have disclosed it to avoid the present situation, but that he still feels the disclosure was not necessary. It stains credulity that even with the benefit of hindsight Venable considers their representation of the Carolina 7 Steering Committee "unconnected" to these chapter 11 cases. In fact, had Venable just disclosed the $15,000 payment and the Engagement Letter in its initial disclosure or amended disclosures, it is quite possible this matter would never have been litigated.

The United States Trustee argued that Mr. Cross' declarations and

testimony explained all the "gaps" in the record. The UST described the non-disclosures and "gaps" in the record as the "perfect storm" of "if it could go wrong, it did," but found no malice, ill-intent or deception in Venable's actions. The UST recommended that the court reconsider its earlier ruling.

The debtors and GE opposed Venable's motion arguing Rule 59 has not been met and that the evidence presented at the hearing further supports denial of Venable's employment. Specifically, the debtors point to Venable's position that acting as attorneys to the Carolina 7 Steering Committee was not representation "in connection with the Debtors' chapter 11 cases." In addition, the debtors argue that Venable did, and still does, have divided loyalties that favor the TICs.

The Committee's proof was not new but simply recast, and does not support alteration, modification or reversal of the court's prior ruling. First, Mr. Cross' December 5, 2008 Supplemental Affidavit (Venable's most recent) does not include any reference to the October 17 Engagement Letter nor the $15,000 payment from the Carolina 7 Steering Committee. The court finds, without hesitation, that Venable's employment was "in connection with the Debtors' chapter 11 cases" which should have been disclosed. Secondly, Venable has advocated for the the TICs, but owes a duty to the unsecured creditor class as a whole. For example, Mr. Cross testified that part of the reason that the sale order was appealed (despite GE's support of the sale) was because the Committee felt: (1) the properties were not individually marketed; (2) the TICs were motivated to discuss a negotiated sale to perhaps relieve some of the potential tax consequences of sale; and (3) the TICs believed that the loan defaults were manufactured by GE resulting in

lender liability claims.

Venable's reasons for appeal potentially pit unsecured creditors against each other, and seem to favor the TICs' interests. Venable argues that the sale was not in the best interest of the estate for any class of creditors, but in reality, only the TICs hold that belief. The court finds that for all the reasons cited in the earlier Memorandum, Venable's application for employment should be DENIED.

Based on the evidence presented, the court finds no basis under Rule 59 to grant the Committee's Motion for reconsideration of the earlier ruling. The Committee failed to carry its heavy burden to demonstrate that reversal of the court's prior Memorandum Opinion and Order is justified. Accordingly, the Committee's Motion for Reconsideration is HEREBY DENIED. The court will direct counsel for the debtors to prepare an order not inconsistent with the court within ten (10) days of entry of this Memorandum.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

7-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-bk-07254    Doc 612    Filed 05/26/09    Entered 05/26/09 15:30:11    Desc Main Document      Page 7 of 7