**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: NASHVILLE SENIOR LIVING, LLC, *et al.*, <br><br>      Debtors. <br><br> _____ <br><br> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, <br><br>      Appellant, <br><br> v. <br><br> ANDERSON SENIOR LIVING PROPERTY, LLC, *et al.*, <br><br>      Appellees. | No. 09-8041 |

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee at Nashville.
No. 08-07254.

Submitted: February 3, 2010

Decided and Filed: April 1, 2010

Before: FULTON, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Gregory A. Cross, VENABLE LLP, Baltimore, Maryland, for Appellant. C. Mark Pickrell, WALLER LANSDEN DORTCH & DAVIS, LLP, Nashville, Tennessee, Randal S. Mashburn, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., Nashville, Tennessee, for Appellees.

## OPINION

PER CURIAM. The bankruptcy court sustained the written objection of Nashville Senior Living, LLC, et al. (the "Debtors") and the oral objection of GE Business Financial Services, Inc. ("GE," and together with the Debtors, "Appellees"), and denied the application of the Official Committee of Unsecured Creditors (the "Committee") to retain Venable, LLC ("Venable") as its counsel. The court found that Venable could not "'tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities' to represent ALL of the unsecured creditors." In addition, the bankruptcy court found Venable's employment inappropriate in light of Venable's failure to make proper disclosures pursuant to § 1103 and Federal Rule of Bankruptcy Procedure 2014. The Committee sought reconsideration of the bankruptcy court's order. The bankruptcy court denied the Committee's motion for reconsideration. The Committee timely filed a notice of appeal.[1]

## I. ISSUES ON APPEAL

Is the bankruptcy court's order denying the Committee's application to employ Venable a final order?

## II. JURISDICTION

The Panel has jurisdiction to hear appeals from "(1) final judgments, orders and decrees; ... and (3) with leave of court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a).

---

[1] All of the Committee's pleadings in this appeal are signed by Gregory Cross, an attorney with Venable, purportedly on behalf of the Committee. In addition, the signature block on most of the pleadings lists Burr & Forman LLP, but it does not bear the separate signature of an attorney with Burr & Forman LLP. For these reasons, the Panel requested the submission of supplemental briefing on the efficacy of the notice of appeal filed in this case on behalf of the Committee. Based on the supplemental briefing, which does bear the separate signature of an attorney with Burr & Forman LLP, the Panel is satisfied that the notice of appeal was not so defective as to require the dismissal of this appeal based on a deficiency with the notice of appeal itself. *See Becker v. Montgomery*, 532 U.S. 757, 121 S. Ct. 1801 (2001).

The Supreme Court has held that in a civil case, an order disqualifying an attorney is not a final order. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757 (1985). The Supreme Court had previously reached this same result for an order denying a motion to disqualify an attorney. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S. Ct. 669 (1981). The Supreme Court has further held that the same result applies to an order disqualifying the defendant's attorney in a criminal case. *Flanagan v. United States*, 465 U.S. 259, 104 S. Ct. 1051 (1984).

In the bankruptcy context, the Sixth Circuit has held that an order denying an application to appoint counsel is not a final order. *In re M.T.G., Inc.*, 403 F.3d 410, 413 (6th Cir. 2005) (finding that the district court order reversing the order of the bankruptcy court setting aside its prior order approving employment of special counsel was not a final order and noting that "Taunt [the appellant] concedes that the bankruptcy judge's decision to deny Halbert's employment as special counsel was not a final appealable order."); *see also Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989) (recognizing that orders regarding employment of counsel are not final orders, but allowing the immediate appeal of the order because, "although the vehicle of the instant appeal is nominally a motion to substitute legal counsel ... in fact, the appeal is from a final order of the bankruptcy court declaring the Cottrell's personal injury action an asset of the bankruptcy estate."); *In re Black Diamond*, 400 B.R. 207 (B.A.P. 6th Cir. 2009) (finding order denying debtor's application to employ counsel was not final); *In re PHM Credit Corp.*, 99 B.R. 762, 765 (E.D. Mich. 1989) (finding that bankruptcy court order approving retention of counsel for debtor was not a final order).

Based on this authority, the Panel concludes that the order from which the Committee appeals is not a final order. Although an order denying an application to appoint counsel is not considered a final order for purposes of appellate review, the B.A.P. has discretion under 28 U.S.C. § 158(a)(3), to grant leave to file an interlocutory appeal.

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or the bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in doing so shall consider the notice of appeal as a motion for leave to appeal.

Fed. R. Bankr. P. 8003(c). In deciding whether to grant leave to appeal an interlocutory order, the B.A.P. applies the four-part test employed by the Sixth Circuit in deciding whether to hear interlocutory appeals under 28 U.S.C. § 1292(b). *See Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998). Section 1292(b) provides for discretionary appellate review of interlocutory orders that involve a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal of which may materially advance the ultimate termination of the litigation. *See Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th Cir. 1974). In applying the same test to this appeal from an order denying an application to appoint counsel, we find that these elements are lacking.

Having found that this appeal does not involve a final order and there being no grounds to grant interlocutory relief, the appeal is dismissed.