```
George C. Paine, II
US Bankruptcy Judge
Dated: 10/25/10
```



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

**In Re:**

NASHVILLE SENIOR LIVING, ET AL.,[1]

Debtors

CASE NO. 08-07254
CHAPTER 11
(JOINTLY ADMINISTERED)
JUDGE GEORGE C. PAINE, II

## MEMORANDUM

This matter is before the court on Burr & Forman LLP's ("Burr") First and Final Application for Interim Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. § 330, 331, 503(b)(2) and 507(a)(1). Objections were filed by the debtors and GE Business Financial Services, Inc. ("GE") alleging that compensation for Burr's failed attempt to retain Venable LLP as counsel for the Official Committee of Unsecured Creditors and for Burr's pursuit of an appeal that was ultimately dismissed as moot did not benefit the estate, and should therefore be denied. For the reasons cited more specifically herein, the court finds that Burr's application for compensation and expenses in GRANTED IN PART and DENIED IN PART.

---

[1] The Debtors in these cases are Nashville Senior Living, LLC, Anderson Senior Living Property, LLC, Charlotte Oakdale Property, LLC, Greensboro Oakdale Property, LLC, Mt. Pleasant Oakdale I Property, LLC, Mt. Pleasant Oakdale II Property, LLC, Pinehurst Oakdale Property, LLC, Winston-Salem Oakdale Property, LLC, Briarwood Retirement and Assisted Living Community, LLC, and Century Fields Retirement and Assisted Living Community, LLC.

This case has a lengthy, complicated, and long-distance history which is only briefly summarized for purposes of this motion.

1. On or about August 17, 2008, the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee. The Debtors are a part of a large enterprise of various affiliated entities that own, develop and/or operate senior living facilities and/or related real property throughout the United States.

2. The Office of the United States Trustee originally appointed a Committee of tenants in common investors. The Debtors filed a motion to dissolve the Committee. On November 12, 2008 the Court ruled that because the Committee had been re-named, the Motion to Dissolve was moot and the Court officially recognized the renamed Committee as an "Official Committee of Unsecured Creditors." Venable, LLP represented the Committee as its proposed counsel at all times during this process.

3. On October 17, 2008, Venable filed its application for employment as counsel to the Committee nunc pro tunc to October 2, 2008. The Court entered an order denying Venable's employment application on February 9, 2009 for failure to make required disclosures and/or not being "disinterested."

4. On February 17, 2009, after denial of Venable's employment application, the Committee filed an application for approval of the employment of Burr & Forman, LLP as its counsel. The Court entered an Order approving Burr & Forman's employment on March 20, 2009.

5. On February 19, 2009, Venable filed its motion to reconsider the order denying its employment application. The court entered an order denying the motion on June 12, 2009.

6. Meanwhile, during Venable's employment process, on November 20, 2008, the Court entered an order (the "Sale Order") authorizing the Carolina 7 Debtors to sell substantially all of their assets. The Debtors consummated that transaction with Purchaser on December 3, 2008.

7. Venable, who had not yet been disqualified as Committee counsel appealed the court's November 20, 2008 Sale Order. The appeal was ultimately dismissed as moot on June 11, 2009.

8. On June 28, 2010, the debtors transferred the jointly administered cases to

the United States Bankruptcy Court for the District of Oregon, Portland Division to participate in a joint reorganization plan with several affiliate debtor cases pending in that court.

9. On September 8, 2010, Burr filed its First and Final Application for Interim Allowance of Compensation and Reimbursement of Expenses. Shortly thereafter, the debtors and GE Financial Business Services, Inc. lodged objections to the application.

The debtors and GE objected based on the following:

Burr's work in these cases related to the failed attempt to retain Venable LLP ("Venable") – an endeavor for which Venable should pay itself – and the appeal of the sale of the Carolina 7 facilities (the "Sale") – an endeavor which was moot, served the financial interests of the Tenants-in-Common investors ("TICs") in these cases and was pursued contrary to the interest of the estate's largest unsecured creditor, GE Business Financial Services, Inc. ("GE"). The interests of unsecured creditors were not advanced by the Committee, Venable, or Burr, and the Debtors' estates did not benefit from their collective pursuits. Instead, Burr pursued interests that were contrary to the interests of the estates' largest unsecured creditor and which further diminished the assets of the Debtors' estates.

**Objection Of Debtors To The First And Final Application Of Burr & Forman LLP For Allowance Of Compensation And Reimbursement Of Expenses**, Sept. 29, 2010, Docket Number 748. Specifically, the Debtors and GE argue that pursuant to 11 U.S.C. § 330, Burr's services in these cases did not provide a benefit to the Debtors' estates or its creditors, but instead Burr's pursuit of the retention of Venable and appeal of the Sale Order only further drained the assets of the Debtors' estates.[2] The United States Trustee

---

[2] Section 330(a)(4) of the Bankruptcy Code provides in relevant part that:

the court shall not allow compensation for –

(i) unnecessary duplication of services; or
(ii) services that were not –
    (I) reasonably likely to benefit the debtor's estate; or
    (II) necessary to the administration of the case.

did not file a formal objection, but at the hearing on the motion took the position that Burr's pursuit of the appeal was based on the professional judgment of experienced bankruptcy practitioners and is absolutely compensable from the estate as advocates of the Committee. However, the United States Trustee argued that Burr's decision to represent Venable who had been disqualified as Committee Counsel for failing the disinterestedness standard, was done at Burr's peril that compensation might not come from the bankruptcy estates.

### 1. Burr's Representation of Venable Seeking Reinstatement as Committee Counsel is Not Compensable pursuant to 11 U.S.C. § 330.

When Venable's retention as Committee Counsel was denied by this court, the Committee then sought to hire Burr as new Committee Counsel. At the same time, Burr agreed to assist Venable in its application for reconsideration of the denial of Venable's employment. The United States Trustee's articulation of the precarious nature of Burr's engagement at this point in the case best summarizes why Burr cannot be compensated from estate assets for this representation. The United States Trustee contends, and this court agrees, that Burr was on notice at the time it undertook representation that Venable had been disqualified as Committee Counsel. Burr knew, or should have known, that it was working at its own peril with regard to compensation as it related to Venable's retention. Burr must have known that failing to reinstate Venable as Committee Counsel might result in fees that were not compensable from the debtors' estates.

---

11 U.S.C. §330.

Section 330(a)(4) requires compensation be denied when the services provided were not "necessary to the administration of the case" and not reasonably likely to benefit the debtor's estate. The court finds that any fees sought in connection with Venable's reinstatement or retention as Committee Counsel were not necessary to the administration of the estates and were not reasonably likely to benefit the debtors' estates, and must therefore be DENIED.

### 2. Burr's Fees Sought in Connection with Appeal of the Sale Order are GRANTED as proper under 11 U.S.C. § 330.

The debtors and GE argue that Burr's efforts to overturn the sale order on behalf the TIC members of the Official Committee of Unsecured Creditors are not properly reimbursable as the appeal was of no value to unsecured creditors in these cases. According to the debtors and GE, the only reason the sale order was appealed was to gain a more favorable tax position for the TICs individually rather than pursuit of the best interest of the unsecured creditors as a whole in this case.

The United States Trustee contends that the Burr's work on behalf of the Committee, given that the committee was made up only of TICs, was entirely appropriate and compensable. The court agrees. Burr's lead attorney, Lawrence R. Ahern, III is a thirty-seven year veteran of bankruptcy practice, and has served as Committee Counsel in probably 20-30 cases. His testimony was credible that Burr had a good faith basis for

the appeal of the sale order. Burr was employed in this case at a difficult time, and this court agrees with the United States Trustee that Burr did the best that it could in a bad situation. That the appeal was ultimately unsuccessful is not in and of itself a basis for denial of Burr's fees with respect to its work on the appeal.

The court finds that the fees sought in connection with appeal of the November 2008 sale order are compensable pursuant to 11 U.S.C. § 330, and therefore the court GRANTS Burr's motion as to these fees.

### 3. All Other Fees Sought by Burr are Compensable in accordance with 11 U.S.C. § 330(a)(4).

The last category of fees that were objected to by the debtors and GE was for work that did not relate to either the appeal or retention of Venable. The United States Trustee did not object to any of those time entries, and suggested that the Committee work was completely appropriate.[3] The court agrees with the United States Trustee, and finds that the fees sought by Burr that related neither to the appeal nor retention of Venable are ALLOWED as compensable pursuant to 11 U.S.C. § 330.

In summary, the court finds as follows:

1. Burr's First and Final Application for Interim Compensation and

---

[3]The United States Trustee estimated fees relating neither to retention of Venable nor the appeal to be approximately $45,000, but due to some accounting software irregularities between Burr and the United States Trustee exact numbers were difficult to determine.

Reimbursement of Expenses pursuant to 11 U.S.C. § 330, 331, 503(b)(2) and 507(a)(1) is DENIED for fees sought related to the retention or reinstatement of Venable as Committee Counsel.

2. Burr's First and Final Application for Interim Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. § 330, 331, 503(b)(2) and 507(a)(1) is GRANTED for fees sought related to the appeal of the November 2008 sale order.

3. Burr's First and Final Application for Interim Compensation and Reimbursement of Expenses pursuant to 11 U.S.C. § 330, 331, 503(b)(2) and 507(a)(1) is GRANTED for fees sought for all other work.

4. All expenses, which were not objected to by any party, are hereby ALLOWED.

5. Burr shall file an ORDER not inconsistent with this court's Memorandum within seven (7) days of entry of the Memorandum. The Order shall be accompanied by an Affidavit setting forth the exact amount of fees outlined by this court's decision. The debtors and GE shall have seven (7) days to object to any amounts. If no objection is filed, the order will be self-effectuating. If an objection is filed, the court will schedule a hearing upon the filing of the objection.

**THIS MEMORANDUM WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

7-U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-bk-07254    Doc 764    Filed 10/25/10    Entered 10/25/10 09:45:03    Desc Main Document    Page 7 of 7